UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11585-RGK-JPR | | Date | February 12, 2026 |
|---|---|---|---|---|
| Title | *David Poursalimi v. Mercedes-Benz USA, LLC* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand Case to State Court [18]**

## I.     INTRODUCTION

On November 4, 2025, David Poursalimi ("Plaintiff") filed a Complaint in the Los Angeles County Superior Court against Mercedes-Benz USA, LLC ("Defendant") alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*), the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301 *et seq.*), and the California Commercial Code. (ECF No. 1-1.) Plaintiff's allegations arise out of the lease of a 2022 Mercedes-Benz G63 motor vehicle ("Subject Vehicle") from Defendant.

On December 5, 2025, Defendant removed the action to this Court on the basis of federal question and diversity jurisdiction. (Notice of Removal, ECF No. 1.) On January 8, 2026, Plaintiff filed the current Motion to Remand. For the following reasons, the Court **DENIES** Plaintiff's motion.

## II.     FACTUAL BACKGROUND

Unless otherwise stated, the following facts are alleged in the Complaint:

Plaintiff leased the Subject Vehicle on or around July 1, 2022. The Subject Vehicle was distributed by Defendant, (Answer ¶ 9, ECF No. 11), and had 26 miles on the odometer. (Notice of Removal, Ex. B at 1, ECF No. 1 ("Lease").) Pursuant to the lease agreement, Plaintiff, through "rebates and noncash credits," made an initial payment of $4,996.28 and agreed to subsequently make 59 monthly payments of $3,197.45. (*Id.* at 2.) By the end of the lease, which was scheduled to conclude around July 1, 2027, Plaintiff would have paid $194,240.83. (*Id.* at 1–2.)

Plaintiff alleges that while the Subject Vehicle was in his possession, it manifested defects that substantially impaired its use, value, or safety of the vehicle. Plaintiff brought the Subject Vehicle for repair to an authorized Mercedes-Benz dealer. Plaintiff alleges that Defendant and its representatives

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11585-RGK-JPR | Date | February 12, 2026 |
|---|---|---|---|
| Title | *David Poursalimi v. Mercedes-Benz USA, LLC* | | |

failed to service or repair the defects to conform to the applicable express warranties. The Subject Vehicle's mileage at the first repair is contested: Plaintiff claims the Subject Vehicle had 8,088 miles whereas Defendant claims the Subject Vehicle had 8,092 miles. (*Compare* Mot. Remand at 8, ECF No. 18, *with* Opp'n at 4, ECF No. 22.)

Plaintiff is a resident of Beverly Hills, California. Defendant is a limited liability company organized under the laws of Delaware, with its principal place of business in Georgia. (Notice of Removal ¶ 9.) Defendant has only one member, Mercedes-Benz North America Corporation, which is a corporation organized under the laws of Delaware with its principal place of business in Michigan. (*Id.*)

**III.    JUDICIAL STANDARD**

Under 28 U.S.C. § 1441(a), a civil action may be removed from state court if the federal court has original jurisdiction over the action. Accordingly, removal of a state action may be based on either federal question or diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, "including any applicable amount in controversy requirement." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Pursuant to 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action "arises under" federal law within the meaning of § 1331 if the cause of action was created by federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Magnuson-Moss Warranty Act ("MMWA") is a federal statute, and claims asserted under it may therefore fall within federal jurisdiction. *Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005). A federal question claim brought under the MMWA requires that the amount in controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). "There is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11585-RGK-JPR | | Date | February 12, 2026 |
|---|---|---|---|---|
| Title | *David Poursalimi v. Mercedes-Benz USA, LLC* | | | |

**IV.    DISCUSSION**

Here, Plaintiff seeks actual damages, restitution, civil penalties, consequential and incidental damages, reasonable costs and attorneys' fees, and prejudgment interest. Plaintiff does not dispute that this action arises under a federal law or that he and Defendant are diverse parties, as both federal question and diversity jurisdiction require, respectively. Rather, Plaintiff argues that remand is appropriate because Defendant failed to establish the amount in controversy to satisfy the thresholds required under the relevant federal statute and diversity jurisdiction.

**A.    Actual Damages**

Under the Song-Beverly Act, actual damages are "restitution in an amount equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). That reduction, also referred to as "mileage offset," is based on the number of miles the buyer has driven before the first attempted repair. *Id.*

In the Notice of Removal, Defendant calculates Plaintiff's actual damages to be $194,240.83 based on the amount Plaintiff would have paid by the end of the Lease. (Notice of Removal ¶ 12.) In the Motion to Remand, Plaintiff argues that this calculation is conclusory and does not include the mileage offset, which Plaintiff calculates to be $13,049.75.[1] (Mot. Remand at 7–8.) In its opposition, Defendant, as an *arguendo*, states that "Defendant is entitled to a mileage offset" and calculates it to be $13,890.06 based on an odometer reading of 8,092 miles at the first repair. (Opp'n at 3–4). Accordingly, Defendant argues that since Plaintiff paid 42 payments amounting to $134,292.90 total to date, Plaintiff's actual damages are no less than $120,402.84.

In the Song-Beverly Act, the mileage offset "shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to . . . [an] authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C).

Because Plaintiff leased the Subject Vehicle, his recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) ("Limiting . . . recovery to payments actually made is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole."). Accordingly, the mileage offset applies only to the

---

[1] Other than mentioning mileage of 8,088 miles at the first repair, Plaintiff provides no other information to support his calculation, including the "actual price paid or payable by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B). Accordingly, the Court can only assume that Plaintiff relied on the formula provided by the Song-Beverly Act, yielding $194,240.88 as the "actual price paid or payable by the buyer." *Id.* This figure is nearly identical to the amount Plaintiff would have paid by the end of the Lease.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11585-RGK-JPR | | Date | February 12, 2026 |
|---|---|---|---|---|
| Title | *David Poursalimi v. Mercedes-Benz USA, LLC* | | | |

payments Plaintiff actually paid to date. However, when calculating the mileage offset, the "actual price" is the full purchase price of the vehicle. *See id.* ("If the offset under subsection (C) is calculated based on the vehicle's pro-rated depreciation over the full 120,000 life expectancy, it makes sense to apply that pro-ration to the full purchase price of the vehicle.").

Here, the Lease reveals that the agreed upon value of the Subject Vehicle is $206,646 and that the Subject Vehicle's odometer reading was 26 miles before Plaintiff acquired the vehicle. Further, Defendant provides the Declaration of Mehgan Gallagher, which states that the first warrantable concern occurred at 8,092 miles. The Court has no reason to doubt this sworn declaration and Plaintiff did not offer other evidence to rebut it. Thus, the mileage offset calculation amounts to $13,890.06.[2]

Based on Defendant's undisputed contention that Plaintiff paid 42 monthly payments of $3,197.45 and, according to the Lease, Plaintiff utilized rebates and noncash credits to pay for the first month, the Court determines that Plaintiff paid at least $131,095.45 for the Subject Vehicle. Applying the mileage offset results, Plaintiff's actual damages are at least $117,205.39, which far exceeds the jurisdictional limit needed for both the federal statute and diversity jurisdiction.

B.    **Civil Penalties**

In Song-Beverly cases, some district courts, including this one, have declined to include civil penalties in the amount in controversy. *See, e.g., Gonzalez v. Nissan N. Am., Inc.*, 2025 WL 2267940, at *2–3 (C.D. Cal. Aug. 7, 2025) (finding civil penalties too speculative to include in amount in controversy calculation). This Court has recognized that such damages turn on fact determinations that the Court cannot make at this stage and, thus, any attempt to calculate them requires speculation. *See Esparza v. FCA US LLC*, 2021 WL 949600, at *1 (C.D. Cal. Mar. 12, 2021). Other courts have likewise refused to include civil penalties where the movant failed to meet its burden of proving that such damages would actually be awarded, further emphasizing the speculative nature of civil penalties. *See, e.g., Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded.").

The same concerns are present here. Given the undeveloped factual record at this point, any calculation of civil penalties would be inherently speculative, and it is therefore improper to include them in the amount in controversy. Despite the exclusion of civil penalties, Defendant still satisfies the jurisdictional threshold for the amount in controversy based on actual damages.

---

[2] To arrive at this figure, the Court multiplied the agreed upon value of the Subject Vehicle ($206,646) by the mileage Defendant asserts ((8,092-26)/120,000).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-11585-RGK-JPR | Date | February 12, 2026 |
|---|---|---|---|
| Title | *David Poursalimi v. Mercedes-Benz USA, LLC* | | |

### C.    Attorneys' Fees

In the Ninth Circuit, district courts are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co. of Reading*, 2012 WL 2118239, at *5–6 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are under the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014).

Accordingly, the Court finds prospective attorneys' fees are too speculative for inclusion in the amount in controversy. Regardless, Defendant has already met its burden of demonstrating that Plaintiff's claims surpass the jurisdictional threshold for the amount in controversy.

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    JRE/gz

---